Albert NAZARYAN, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–71674.
Agency No. A72–442–502.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2005.*

Decided Feb. 14, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Reynold E. Finnegan, Finnegan & Diba, A Law Corporation, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Earle B. Wilson, Anthony Wray Norwood, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before NOONAN, THOMPSON, and HAWKINS, Circuit Judges.

### MEMORANDUM**

█ Substantial evidence supports the Board of Immigration Appeals' (BIA's) conclusion that the presumption of future persecution has been rebutted by changed country conditions. *See Marcu v. INS,* 147 F.3d 1078, 1082 (9th Cir.1998). In making its determination, the BIA relied upon two documents, both of which were exhibits at the hearing before the Immigration Judge (IJ), one of which was introduced by Petitioner himself. These documents reflect that Zviad Gamsakhurdia, the President of Georgia who advocated an oppressive "Georgians First" policy, was overthrown and replaced with a government that supports autonomy for ethnic Armenians. Petitioner had an opportunity to argue that his fear of persecution due to his Armenian ethnicity remained well-founded, despite this change, and did so argue. *See Acewicz v. INS,* 984 F.2d 1056, 1061 (9th Cir.1993).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

█ Petitioner's argument that the BIA erred in not finding that compelling or humanitarian reasons exist for granting asylum also fails. Though Petitioner suffered unjustly in Georgia—his businesses were confiscated, he was twice arrested, he was detained, pressured to change his name, recruited to support rival political factions, threatened in his home and repeatedly hit in the head—the BIA did not err in concluding that these experiences did not constitute the "atrocious forms of persecution" required for a discretionary grant of asylum. *See Kazlauskas v. INS,* 46 F.3d 902, 906–07 (9th Cir.1995) (internal citations omitted).

### PETITION FOR REVIEW DENIED.